UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                             Chapter 11

231 Fourth Avenue Lyceum, LLC                      Case No. 13-42125 (CEC)

                        Debtor.

DECISION

APPEARANCES:

David M. Blum, Esq.                    Glenn P. Warmuth, Esq.
286 Madison Avenue, Suite 2200         Stim & Warmuth, P.C.
New York, New York 10017               2 Eighth Street
*Counsel for Debtor*                   Farmingville, New York 11738
                                       *Counsel for P.B. #7 LLC*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of the debtor, 231 Fourth Avenue Lyceum, LLC, to reargue the Court's decision and order granting the motion of P.B. #7 LLC ("P.B.") to lift the automatic stay, pursuant to 11 U.S.C. § 362(d)(3). Because the motion to reargue fails to provide grounds for relief under Federal Rule of Civil Procedure 60(b) and because it raises arguments already considered and rejected, the motion to reconsider is denied.

<u>JURISDICTION</u>

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

<u>BACKGROUND</u>

231 Fourth Avenue Lyceum, LLC (the "Debtor") commenced this case under chapter 11 of the Bankruptcy Code on April 11, 2013. The Debtor's principal asset is real property located at 227-231 4th Avenue, Brooklyn, New York (the "Property"), which is encumbered by a mortgage held by P.B. The Debtor defaulted on the mortgage and P.B. obtained a judgment of foreclosure and sale on September 28, 2012 (the "Foreclosure Judgment"). The amount of P.B.'s secured claim, calculated in accordance with the Foreclosure Judgment, is approximately $6.6 million. (Affirmation in Supp. of Mot. for Relief from Stay Exs. E and F, 13-42125-CEC, ECF Nos. 56-5 and 56-6.)

On the eve of the foreclosure sale, the Debtor filed this bankruptcy case. Since filing, the Debtor's operating reports have shown that the Debtor has generated no income. (Monthly Operating Reports, 13-42125-CEC, ECF Nos. 16, 22, 23, 32, 62, 63, 64, 65, 73, 74, 89, and 90.)

On July 8, 2013, P.B. filed a motion to designate the Debtor as a single asset real estate debtor. (Mot. to Authorize/Direct that this case is a Single Asset Real Estate Case, 13-42125-CEC, ECF No. 17.)  On November 1, 2013 the Court entered an order designating the Debtor as a single asset real estate Debtor and directing the Debtor to comply with the provisions of § 362(d)(3) by filing "a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time", or by commencing monthly payments that "are in an amount equal to the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate."  (Order Granting Mot. for a Determination that this Case is a Single Asset Real Estate Case, 13-42125-CEC, ECF No. 42 at 1-2) (quoting § 362(d)(3).)

On November 22, 2013, the Debtor filed a first amended chapter 11 plan and disclosure statement (its initial disclosure statement having been rejected as insufficient by order dated November 1, 2013), as well as a motion seeking approval of the first amended disclosure statement and plan, which motion was amended on November 25, 2013. (Am. Proposed Disclosure Statement, 13-42125-CEC, ECF No. 47; Am. Proposed Chapter 11 Plan, 13-42125-CEC, ECF No. 48; Mot. to Authorize/Direct Entry of an Order Approving the Adequacy of the Debtor's Am. Proposed Disclosure Statement and Am. Proposed Reorganization Plan, 13-42125-CEC, ECF No. 46; Am. Notice of Mot. to Authorize/Direct Entry of an Order Approving the Adequacy of the Debtor's Am. Proposed Disclosure Statement and Am. Proposed Reorganization Plan, 13-42125-CEC, ECF No. 50.)  On December 18, 2013, the Debtor filed a second amended chapter 11 Plan (the "Plan"), a second amended proposed disclosure statement (the "Disclosure Statement"), and an affirmation in further support of the Disclosure Statement and Plan.  (Proposed Am. Disclosure Statement, 13-42125-CEC, ECF No. 59; Proposed Am.

Chapter 11 Plan, 13-42125-CEC, ECF No. 60; Affirmation in Further Supp., 13-42125-CEC, ECF No. 61.)

On December 4, 2013, P.B. filed an objection to the Debtor's first amended disclosure statement and filed a motion seeking relief from the stay (the "Lift Stay Motion"). (Affirmation in Opp'n to Disclosure Statement, 13-42125-CEC, ECF No. 53; Mot. for Relief from Stay, 13-42125-CEC, ECF No. 55; Affirmation in Supp. of Mot. for Relief from Stay, 13-42125-CEC, ECF No. 56.) On December 11, 2013, the United States Trustee also objected to the Debtor's first amended disclosure statement. (Objection of the United States Trustee to the Approval of the Debtor's Disclosure Statement, 13-42125-CEC, ECF No. 58.) A hearing was held on December 18, 2013.

On March 3, 2014, the Court entered a decision (the "Decision") and order (the "Order") granting the Lift Stay Motion. (Decision and Order, 13-42125-CEC, ECF Nos. 76 and 77.) The Decision found that the Debtor had failed to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, as required by § 362(d)(3), because no evidence was provided to show that the Debtor would be able to meet its obligations under the Plan, and because the record showed that the Debtor could not meet its obligations under the Plan. In re 231 Fourth Ave. Lyceum, LLC, 506 B.R. 196, 203 (Bankr. E.D.N.Y. 2014). The Court rejected the Debtor's argument that the New York State Supreme Court, Kings County lacked jurisdiction to enter the Foreclosure Judgment. Id. at 207-208. The Court also held that the Rooker-Feldman doctrine and res judicata prevented the Court from reviewing the validity of the Foreclosure Judgment. Id. at 206-208.

On March 18, 2014, Mr. Eric Richmond, the Debtor's principal, filed a motion to reargue the Lift Stay Motion on behalf of the Debtor. (Mot. to Reargue or Renew, 13-42125-CEC, ECF

No. 80.)  On March 27, 2014, P.B. filed an affirmation in opposition to Mr. Richmond's motion.

(Affirmation in Opp'n, 13-42125-CEC, ECF No. 84.)  On April 2, 2014, Mr. Richmond filed a

reply and addendum to his motion to reargue.  (Reply and Addendum, 13-42125-CEC, ECF No.

87 and 88.)  The Court held that Mr. Richmond's filings were improper, because a limited

liability company may only appear in federal court through a licensed attorney.  (Order, 13-

42125-CEC, ECF No. 91) (citing Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007)).  On

April 10, 2014, the Court issued an order providing that Mr. Richmond's filings on behalf of the

Debtor would be stricken from the record unless adopted by the Debtor's counsel by April 11,

2014.  Id.

On April 11, 2014, a motion to reargue (the "Motion to Reargue"), an affirmation in

support (the "Affirmation"), a reply (the "Reply"), and an addendum to the motion to reargue

(the "Addendum") (collectively, the "Motion") were filed.  (Mot. to Reargue or Renew,

Affirmation in Supp., Reply, and Addendum, 13-42125-CEC, ECF Nos. 92-95.)  All of the

documents, except the Motion to Reargue, were signed by the Debtor's counsel.[1]  On May 2,

2014, P.B. filed a supplemental affirmation in opposition to the Motion.  (Supplemental

Affirmation in Opp'n, 13-42125-CEC, ECF No. 96.)

ARGUMENTS

The Debtor raises three arguments in the Motion: (1) that the Court did not address the

fact that P.B. did not allege any excuse for its delay in pursuing a default judgment in its

foreclosure action against the Property; (2) that the New York State Supreme Court, Appellate

Division's decision regarding the Debtor's claimed air rights and rights to an adjacent parcel of

property was a nullity on which this Court should not have relied; and (3) that the Court failed to

---

[1] P.B. argues that the Motion should be denied based on the Debtor's counsel failing to sign the Motion to Reargue.
As the Motion fails on the merits, it is unnecessary to address whether this omission constitutes grounds to deny the
Motion.

consider the Debtor's "counterclaims of equity interest" before the New York State Supreme Court, which issued a post-petition decision.

P.B. asserts that the Motion was not timely under Rule 59(e), as it was filed outside the 14-day period allowed under the Rule.[2] Further, P.B. argues that the Debtor is barred by the Rooker-Feldman doctrine and res judicata, and that the Debtor's other arguments are without merit.

## LEGAL STANDARD

The Motion to Reargue fails to identify the Bankruptcy Rule which is claimed to provide a basis for the Motion. Bankruptcy Rule 9023, which incorporates Rule 59(e), provides that a motion to alter or amend a judgment must be filed no later than 14 days after the entry of the judgment. Fed. R. Bankr. P. 9023. Pursuant to Rule 54(a), made applicable by Bankruptcy Rule 7054, the Order constitutes a "judgment" that may be reconsidered under Rule 59 because it is an "order from which an appeal lies." Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054.

P.B. argues that the Motion is not timely because it was filed more than 14 days from the entry of the Order. (Affirmation in Opp'n, 13-42125-CEC, ECF No. 84 at 2.) The Order was signed on February 28, 2014 and was entered on March 3, 2014. The 14-day period is computed by excluding the day the Order was entered and counting every day, including weekends and holidays. Fed. R. Civ. P. 6(a)(1). The last day of the period is included, unless it is a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). The last day for the Debtor to file a timely motion to reargue pursuant to Bankruptcy Rule 9023 would have been the 14th day after the entry of the Order, which was Monday, March 17, 2014. Mr. Richmond's motion to reargue was filed on March 18, 2014. Even assuming that the motion papers later filed by the Debtor's counsel

---

[2] Unless otherwise indicated, statutory citations are to provisions of Title 11, U.S.C.; citations to "Rules" are to the Federal Rules of Civil Procedure and to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

relate back to the date of filing of Mr. Richmond's motion to reargue, the Motion is untimely under Bankruptcy Rule 9023.

The Debtor's counsel argues that an additional 3 days are added to the time period provided under Bankruptcy Rule 9023 based upon Rule 6(d) and 5.  (Reply, 13-42125-CEC, ECF No. 94 at 3.)  In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not Rule 6.  See Fed. R. Bankr. P. 9006.  Bankruptcy Rule 9006(f) provides for additional time after certain kinds of service are made under Rule 5.  See Fed. R. Bankr. P. 9006(f).  However, Bankruptcy Rule 9006(f) is only applicable "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after *service*. . .." Id. (emphasis added).    The time to file a motion under Bankruptcy Rule 9023 is measured from the entry of judgment, thus making Bankruptcy Rule 9006(f) inapplicable.  United States v. Schimmels (In re Schimmels), 85 F.3d 416, 419-20 (9th Cir. 1996); Arbuckle v. First Nat. Bank of Oxford (In re Arbuckle), 988 F.2d 29, 31 (5th Cir. 1993).

As the Motion is untimely under Bankruptcy Rule 9023, it will be evaluated as a motion under Bankruptcy Rule 9024, which incorporates Rule 60(b).  Rule 60 provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
> * * *
> A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (b), (c)(1).  The Court will consider the Motion as "made within a reasonable time", as it was filed 15 days from the entry of the Order.

DISCUSSION

The only subsection of Rule 60(b) possibly applicable to the Motion is under Rule 60(b)(1), which provides for relief from a judgment based upon "mistake, inadvertence, surprise, or excusable neglect."  The Debtor asserts that the Court, in lifting the automatic stay, made mistakes of law.  In the Second Circuit, grounds for relief under Rule 60(b)(1) may include mistakes by the Court, but only when the motion for relief under Rule 60(b) is filed before the time for appeal has elapsed.  See Tarkington v. United States Lines Co., 222 F.2d 358, 360 (2d Cir. 1955) ("Since the doctrine of the Petterson case conflicts with the case on which the trial judge relied in directing a verdict, the trial judge should have treated plaintiff's motion as a motion under Fed. Rules Civ. Proc. rule 60(b) ... to correct a mistake of the court"); International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977) ("[A] motion for relief from . . . judicial mistakes under Rule 60(b)(1) may not be made after the time for appeal has elapsed.").  As the Motion was made 15 days from the entry of the Order, it was filed outside the 14-day period for filing a notice of appeal under Bankruptcy Rule 8002.  See Fed. R. Bankr. P. 8002.  Since the Motion does not provide grounds for relief from the Order under the other five subsections of Rule 60(b), it must be denied.

The Debtor's arguments also fail on the merits, for the reasons set forth herein.

1.  P.B.'s Alleged Delay in Obtaining a Default Judgment

The Debtor once again argues that New York State Supreme Court, Kings County (the "Kings County Supreme Court"), which issued the Foreclosure Judgment, lacked jurisdiction to

enter that judgment under New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 3215(c).

N.Y. C.P.L.R. § 3215(c) provides:

> If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed.

N.Y. C.P.L.R. § 3215(c).  The Debtor argues that P.B. failed to provide the Kings County Supreme Court with a valid excuse for its delay in moving for a default judgment against the Debtor.  The Debtor asserts that unless P.B. demonstrated "cause" under the statute, the Kings County Supreme Court lacked jurisdiction to enter the Foreclose Judgment.  Furthermore, the Debtor argues that because the Foreclosure Judgment was entered without jurisdiction, the Rooker-Feldman Doctrine does not preclude collateral attack in this Court.

The Debtor's argument that the Kings County Supreme Court lacked jurisdiction to enter the Foreclosure Judgment was addressed in the Decision.  Simply put, even if the Kings County Supreme Court made an error, as a matter of fact or law, in entering the Foreclosure Judgment, that error would not constitute a basis to challenge the Kings County Supreme Court's jurisdiction.  Condon v. Associated Hospital Service, 40 N.E.2d 230, 232 (N.Y. 1942) (holding that the supreme court is presumed to have jurisdiction of a cause of action unless the contrary plainly appears).

Moreover, the Debtor's attempt to collaterally attack the Foreclosure Judgment in this Court must fail by reason of the Rooker-Feldman doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

"Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C.

§ 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Rooker–Feldman applies to cases satisfying a four part test: (1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries caused by a state-court judgment;" (3) the plaintiff "must invite district court review and rejection of that judgment;" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock, 422 F.3d at 85.

The Debtor argues that Rooker-Feldman does not apply in this case because the Debtor is complaining of injuries not caused by the Foreclosure Judgment. (Addendum, 13-42125-CEC, ECF No. 95 at 2-3.) The Debtor cites to Marshall v. Grant, 521 F. Supp. 2d 240, 245 (E.D.N.Y. 2007), which noted that the Second Circuit, in Hoblock, adopted the following formula to determine whether the second prong of the four-part Rooker-Feldman test is satisfied. "The following formula guides our inquiry: a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by the state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Id. (quoting Hoblock, 422 F.3d at 87-88). Applying this formula, Hoblock held that "[t]he fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by Rooker-Feldman, of the state-court judgment." Hoblock, 422 F.3d at 88. However, the facts in this case do not invoke the exception to Rooker-Felman that is discussed in Hoblock. Here, the Debtor is not complaining of a third party's actions "ratified, acquiesced in, or left unpunished" in the foreclosure action. Instead, the Debtor is directly attacking the Foreclosure Judgment, claiming that it is void because of an alleged legal error by the judge who entered the Foreclosure

Judgment.  Therefore, this Court lacks jurisdiction to consider the Debtor's challenge of the Foreclosure Judgment.  McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010) (holding that a federal court lacks jurisdiction to hear a claim when the four requirements of the Rooker-Feldman doctrine are met).

The Debtor argues that Rooker-Feldman does not apply here because the application of N.Y. C.P.L.R. § 3215(c) is "non-judicial when the motion for default failed to contain even an allegation of an excuse for the delay in filing the motion for default judgment within a year of the default."  (Mot. to Reargue or Renew, 13-42125-CEC, ECF Nos. 92 at 5 and 94 at 3-4.)  The Debtor cites to case law from the Nebraska Supreme Court for the proposition that a ministerial duty is "merely execution of a specific duty arising from fixed and designated facts".  State ex rel. School Dist. v. Ellis, 163 Neb. 86, 93 (Neb. 1956); Larson v. Marsh, 144 Neb. 644, 648 (Neb. 1944) ("A ministerial act has been defined as one performed in response to a duty which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion.").  This argument is entirely meritless.  The Second Circuit has held that judicial proceedings continue to the moment the judge directs entry of judgment.  Rexnord Holdings v. Bidermann, 21 F.3d 522, 528 (2d Cir. 1994). ("The judicial proceedings were concluded at the moment the judge directed entry of judgment, a decision on the merits having then been rendered.").  The Kings County Supreme Court's determination to grant a default judgment in the foreclosure action was clearly judicial in nature.

The Debtor is also barred from attacking the Foreclosure Judgment in this forum by principles of res judicata.  "Res judicata, or claim preclusion, operates to prevent a party from re-

litigating a claim after the claim has already been decided by a court of competent jurisdiction." <u>Charell v. Gonzalez (In re Gonzalez)</u>, 241 B.R. 67, 72 (S.D.N.Y. 1999); <u>see</u> <u>also</u> <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979); <u>Monahan v. New York City Dep't of Corr.</u>, 214 F.3d 275, 284 (2d Cir. 2000). Res judicata applies to judgments obtained by default. <u>See</u> <u>Kelleran v. Andrijevic</u>, 825 F.2d 692, 694–95 (2d Cir. 1987). To determine the preclusive effect of a state court decision, a federal court must apply the standard used by the state in which the decision was rendered. 28 U.S.C. § 1738; <u>Exxon Mobil</u>, 544 U.S. at 293; <u>In re Fischer</u>, 252 B.R. 603, 613 (Bankr. E.D.N.Y. 2000). Under New York law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 286-87 (2d Cir. 2002). "This doctrine also applies to defenses that could have been litigated, including defenses to a foreclosure." <u>Yeiser v. GMAC Mortg. Corp.</u>, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008).

No exception for judgments procured by extrinsic fraud applies in this case. <u>See</u> <u>In re Slater</u>, 200 B.R. 491, 495-96 (E.D.N.Y. 1996) (holding that New York law permits collateral attacks on judgments obtained by extrinsic, as opposed to intrinsic, fraud.) Extrinsic fraud involves the parties' "opportunity to have a full and fair hearing," while intrinsic fraud involves the "underlying issue in the original lawsuit." <u>In re Slater</u>, 200 B.R. at 496 (citing <u>Altman v. Altman</u>, 542 N.Y.S.2d 7, 9 (N.Y. App. Div. 1989)). No extrinsic fraud is alleged in in connection with the Foreclosure Judgment, such as, for example, threats of physical harm or the misrepresentation that the action would be discontinued. <u>Compare</u> <u>Slater</u>, 200 B.R. at 496 ("[T]he [d]ebtor's allegations that her brother physically assaulted her and threatened her life before and during the trial . . . does constitute extrinsic fraud sufficient to attack the state court

judgment."); <u>Tamimi v. Tamimi</u>, 328 N.Y.S.2d 477, 484 (N.Y. App. Div. 1972) ("Upon the

undisputed testimony in this case the [party] was 'robbed' of her opportunity to make her

defense in the Thai court by reason of the [other party]'s fraud and misrepresentation that he

would discontinue the action which he had instituted against her.").  The Debtor's assertions that

P.B. lacked standing and that P.B. misled the state court do not constitute allegations of extrinsic

fraud.  <u>Altman</u>, 542 N.Y.S.2d at 9; <u>St. Clement v. Londa</u>, 779 N.Y.S.2d 460, 461 (N.Y. App.

Div. 2004). ("The remedy for fraud allegedly committed during the course of a legal proceeding

must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and

not by another plenary action collaterally attacking that judgment.").

> ### 2.  Union St. Tower, LLC v Richmond

The Debtor contends that the Court erroneously relied on a 2011 state court decision

concerning ownership of air rights and an adjacent lot, and that if the Court had been aware of

the alleged nullity of that decision, the Court may have determined that there was possible equity

in air rights and in an adjacent lot of which the Debtor claims ownership. The decision in

question, <u>Union St. Tower, LLC v Richmond</u>, 922 N.Y.S.2d 503 (N.Y. App. Div. 2011) was

cited in a footnote in the Decision.  (Decision, 13-42125-CEC, ECF No. 76 at n.2, 12.)  The

Debtor contends that the decision is a nullity because the plaintiff in that action moved for, and

was granted, leave to amend the complaint after issuance of the decision.  (Mot. to Reargue or

Renew, 13-42125-CEC, ECF No. 92 at 3-4.)  In the Motion, the Debtor cites to case law

applying Rule 15 for the proposition that an amended complaint renders the prior complaint of

no legal effect.  <u>Id.</u> at 4.  This is not correct.  Cases interpreting Rule 15 have held that "[a]s a

procedural matter, '[a] party seeking to file an amended complaint postjudgment must first have

the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'"  <u>Williams v. Citigroup</u>

Inc., 659 F.3d 208, 213 (2d Cir. 2011) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)).   Rule 15, however, does not apply to the state court action, which was governed by the N.Y. C.P.L.R.

Under the N.Y. C.P.L.R., "The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances."  N.Y. C.P.L.R. § 3025(c).  The Debtor has not cited to, nor is the Court aware of, any cases that hold a judgment is nullified when a court grants a motion to amend a complaint post-judgment under New York state law.  Moreover, as P.B. points out, the Debtor provided no evidence that the Appellate Division's decision is not in full force and effect. (Affirmation in Opp'n, 13-42125-CEC, ECF No. 84 at ¶ 19).

Even if the Debtor's lack of ownership of the air rights and adjacent lot had not been finally determined in state court, the stay would have been lifted.  These disputed rights were not proposed to be dealt with in the Plan, and the existence of a disputed claim to air rights and an adjacent lot adds nothing to the feasibility of the Plan.

### 3.   Counter-Claims of Equity

The Debtor's last argument is that the Court failed to address a "post petition decision with regards to counterclaims of equity."  (Affirmation in Supp., 13-42125-CEC, ECF No. 93 at 1.)  The only explanation provided by the Debtor is that "current counterclaims of equity interest in substantial possible assets are currently before the Supreme Court of the State of New York and that court made a post petition decision."  (Mot. to Reargue or Renew, 13-42125-CEC, ECF No. 92 at 4.)  The Debtor fails to explain what state court action he is talking about, what the post-petition decision provided, and how it is relevant to this case.  Moreover, the Decision and Order were based upon the record made by the parties.  The Debtor failed to even mention any

pending decision in the Plan or Disclosure Statement.  (Proposed Am. Disclosure Statement, 13-42125-CEC, ECF No. 59; Proposed Am. Chapter 11 Plan, 13-42125-CEC, ECF No. 60).

<u>CONCLUSION</u>

For the foregoing reasons, the Debtor's motion to reargue is denied.  A separate order will issue.



Dated: Brooklyn, New York
July 17, 2014

Carla E. Craig
United States Bankruptcy Judge