Hearing Date: March 9, 2017
Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
-------------------------------------x
IN RE:                                             Case No. 13-42125 (CEC)
    231 FOURTH AVENUE LYCEUM, LLC,     CHAPTER 11
    Debtor.
-------------------------------------x

## NOTICE OF MOTION

PLEASE TAKE NOTICE upon that upon this notice of motion and the accompanying affirmation of Eric Richmond dated February 2. 2017 with exhibits annexed, the Movant, Eric Richmond, will move this Court before the Hon. Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201-1800 Courtroom 3529, on March 9, 2017 at 2:00 p.m. or as soon thereafter as a counsel can be heard for:

1) An order Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) vacating the state court order dated April 30, 2013; and for
2) Open Public Hearing for Judicial Notice of incontrovertible facts listed in the motion pursuant to Federal Rules of Evidence Rule 201; and for
3) Any such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned Movant seven (7) days prior to the return date of the within motion
Dated: Brooklyn, NY February 2, 2017   By:_____
                                    ERIC RICHMOND - MOVANT
                                    2107 Regent Place Brooklyn, NY 11226
                                    brooklynlyceum@gmail.com

RECEIVED 2017 FEB -2 P 1: 20  CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

In Re:                                                                    Chapter 11

231 FOURTH AVENUE LYCEUM, LLC              Case No. 13-42125 (CEC)
                            Debtor

------------------------------------------------X

**MOTION TO VACATE APRIL 30, 2013 STATE COURT ORDER AND FOR OPEN PUBLIC HEARING ON JUDICIAL NOTICE OF UNDISPUTED FACTS**

Eric Richmond, Movant with same rights a Debtor, sets forth in this motion as follows.

I am fully familiar with the facts and circumstances of this matter and the statements contained in this motion are true under penalty of perjury.

**FRCP : TITLE VII. JUDGMENT › Rule 60. Relief from a Judgment or Order** (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (4) the judgment is void;

### PRELIMINARY STATEMENT

1. The motion to vacate as void is based solely on FRCP 60(b)(4).
2. There is no deadline for vacating void decisions.
3. Laches does not apply to vacating void decisions.
4. Mootness doctrines are not applicable in void decisions.
5. Void judgements must be set aside.

## JUDICIAL NOTICE RULE

Federal Rules of Evidence ARTICLE II - JUDICIAL NOTICE, Rule 201 - Judicial Notice of Adjudicative Facts:

(b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) Taking Notice. The court: ... (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) Timing. The court may take judicial notice at any stage of the proceeding.

## UNDISPUTED FACTS FOR JUDICIAL NOTICE IN OPEN PUBLIC HEARING

6. A stay is created as to all entities upon the filing of a Bankruptcy :

11 U.S. Code § 362 - Automatic stay : (a)Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

7. 231 Fourth Avenue Lyceum, LLC (231) filed a Chapter 11 bankruptcy on April 11, 2013 (EXHIBIT A) (13-42125 (cec)).

8. On April 30, 2013, NY State Supreme Court Justice Laura Jacobson filed a decision in New York State Case Kings County Number

851/2009 (EXHIBIT B) finding against Movant and also Debtor, 231, in 13-42125.

9. April 30, 2013 is 19 days later than April 11, 2013.

10. In EDNY Case #14-41678 (cec) (ECF #55, 57) Chief Justice Carla Craig found that the Debtor, the Movant in the instant motion, had filed multiple Bankruptcies impacting the same property in conjunction with the Debtor in 13-42125 (cec).

11. EDNY Bankruptcy Case #14-41678 (cec) was the only Bankruptcy case ever filed by Eric Richmond.

12. The court has implicitly declared Movant to be one and the same entity with the Debtor in 13-42125 (cec).

13. The stay provisions protect all entities in a Bankruptcy.

14. That entities found to be one and the same are one and the same from the time that the facts show they became one and the same, not the date they were found to be one and the same.

15. With Movant being one and the same entity with the Debtor in #13-42125, Movant had all of the rights of the Debtor in #13-42125.

16. That those rights included the right to take action in any proceeding involving the Debtor in #13-42125(cec).

## THE APRIL 30, 2013 STATE COURT DECISION IS VOID

17. On April 30, 2013, 19 days after the April 11, 2013 filing of the Chapter 11 Bankruptcy, New York State Supreme Court Justice Laura Jacobson filed a decision in New York State Case Kings County Number 851/2009 (EXHIBIT B) finding against both movant and also the Debtor in 13-42125 (cec).

18. Upon filing of the Bankruptcy on April 11, 2013, any lower court actions were now under the sole jurisdiction of the Federal Bankruptcy Court.

19. Any actions in any cases before any state court against any any party having filed a Bankruptcy petition were void and never of any effect.

20. As the April 30, 2013 state court decision was after the April 11, 2013 filing by 231 Fourth Avenue Lyceum, LLC and the the decision named 231 Fourth Avenue Lyceum, LLC and Eric Richmond (the one and the same entities as per 14-41678(cec) ECF : 55, 57) as defendants, the April 30, 2013 state court decision was without jurisdiction and necessarily void *ab initio* .

## VOID JUDGMENTS MUST BE SET ASIDE

21. There is no discretion to not set aside jurisdictional violations. Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, *Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.*

## NO TIME LIMIT TO ATTACK JUDGMENT AS VOID

22.     The time to vacate a void judgment never expires.

We agree that no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought. *USA v. One Toshiba Color TV - 3rd Circuit 1999*

## LACHES INAPPLICABLE

23.     Laches is inapplicable in Rule 60(b)(4) motion.
Without addressing any other reason to bar a Rule 60(b) motion that attacks a judgment as void, we hold that laches may not be used to preclude such a motion. *USA v. One Toshiba Color TV - 3rd Circuit 2000*

… no passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion. It is true that the text of the rule dictates that the motion will be made within "a reasonable time." See Fed. R.Civ. Proc. 60(b). However, nearly overwhelming authority exists for the proposition that there are no time limits with regards to a challenge to a void judgment because of its status as a nullity; thus laches is no bar to recourse to Rule 60(b)(4). *See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130-31 (11th Cir. 1994) (collecting cases); Briley v. Hidalgo, 981 F.2d 246, 249 (5th Cir. 1993); Katter v. Arkansas Louisiana Gas Co., 765 F.2d 730, 734 (8th Cir.1985); In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985); Misco Leasing, Inc. v. Vaughn , 450 F.2d 257, 260 (10th Cir. 1971); Austin v. Smith, 312 F.2d 337, 343 (D.C. Cir. 1962); Moore v. Positive Safety Manufacturing Co., 107 F.R.D. 49, 50 (E.D. Pa. 1985); see also Rodd v. Region Constr. Co., 783 F.2d 89, 91 (7th Cir. 1986)* ("[T]he reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit because a void judgment is no judgment at all.") (citation and quotation omitted).- *USA v. One Toshiba Color TV - 3rd Circuit 2000*

**SUMMARY:**

Movant, as per this court's ruling (14-41678(cec) ECF: 55, 57), is same entity as Debtor in 13-42125.

The entities were the same entities at all times before this court.

All entities are protected by the stay created by *11 U.S. Code § 362 - Automatic stay*.

The April 30, 2014 decision was after the initiation of the stay.

Any lower court action after the initiation of the stay is void, *ab initio.*

The court has no discretion and must vacate the state court decision.

An open public hearing to Federal Rule of Evidence 201 has been requested, triggering the mandate that such a hearing be held.

Failure to hold the hearing is a violation of due process.

**CONCLUSION :** The court must hold a hearing pursuant to Federal Rule of Evidence 201 and the court must vacate the April 30, 2014 state court decision as void, *ab initio.*

**WHEREFORE** : For all the above mentioned facts, movant requests that a hearing on judicial notice of the facts listed above and that the April 30, 2013 State Court Order be set aside, vacated and adjudged void under Rule 60(b)(4) and for any other relief this court finds just and proper.

Sworn to this date:  By: _[signature]_
Brooklyn, NY - February 2, 2017  Eric Richmond
Movant with same rights as Debtor.
(646) 256-9613
brooklynlyceum@gmail.com

**ORIGINAL**

B1 (Official Form 1) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of New York**

| Name of Debtor (if individual, enter Last, First, Middle):<br>231 Fourth Avenue Lyceum, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NA | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-2069775 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>227 4th Avenue Brooklyn NY<br>ZIP CODE 11215 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Kings County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

**Estimated Assets**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [x] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Estimated Liabilities**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [x] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Exhibit A**

At an IAS Term, Part 21 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civil Center, Brooklyn, New York on the
30th day of April 2013

PRESENT:
HON. LAURA L. JACOBSON
                            Justice
----------------------------------------X
                                          Index No. 251/09
UNION STREET TOWER, LLC,

            Plaintiff(s)

                                          *Duplicate Original*

    -against-                             ORDER

ERIC RICHMOND, 231 FOURTH AVENUE,
LYCEUM, LLC, and P.B. #7, LLC,

            Defendant(s)
----------------------------------------X



The following papers 1 to 4 read on the motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affirmation Annexed | 1-2 |
| Affirmation in Opposition | 3 |
| Reply | 4 |

Plaintiff moves for an order striking defendants' Eric Richmond and 231 Fourth Avenue Lyceum, LLC (hereinafter collectively "Defendants") affirmative defenses and counterclaims pursuant to CPLR § 3212 (e); and for summary judgment on plaintiff's first cause of action pursuant to CPLR §3212. Defendants oppose the motion.

This action involves a March 7, 2003 agreement executed by the parties, which provided among other things, that defendant Richmond transfer development rights from Lot 1 (227-231 4th Avenue) to Lot 4 (225-227 4th Avenue). Defendant Richmond is

1

Exhibit B

president and sole member of defendant 231 Fourth Avenue Lyceum, LLC. Plaintiff argues that in order to effectuate the transfer of development rights defendant Richmond expressly agreed pursuant to paragraph 2 (C) of the Agreement to:

> "execute those documents and instruments necessary to transfer certain development rights from Lot 1 to Lot 4 and Lot 1 will retain a square footage equal to a 2.3 floor area ratio. Said documents and instruments shall be substantially in the form annexed as Exhibit "C" and the parties shall execute any other documents required for the transfer of such development rights (collectively the "Zoning Declaration") and Miele shall pay the costs for recording same."

Plaintiff further asserts that despite the fact that the agreement granted plaintiff's right of first refusal on Lot 1, that on January 7, 2005, defendant Richmond conveyed title to Lot 1 to defendant 231 Fourth Avenue Lyceum, LLC. Plaintiff alleges that defendant 231 Fourth Avenue Lyceum, LLC entered into a GAP mortgage and security agreement dated January 7, 2005. Plaintiff contends that defendant Richmond executed the mortgage in his capacity as sole member and sole manager of 231 Fourth Avenue Lyceum, LLC. Plaintiff alleges that when defendant Richmond repeatedly failed to execute documents pursuant to the agreement, including a Zoning Lot Development Agreement (hereinafter "ZLDA"), plaintiff commenced the instant action by service of a summons and complaint on January 14, 2009.

Plaintiff claims that defendants interposed an amended answer on April 10, 2009, that included two (2) counterclaims. According to plaintiff, the first counterclaim seeks RPL §320 relief and the second counterclaim seeks to establish an equitable right of redemption. Plaintiff argues that defendants raised the same issues before this Court in *Richmond v. Miele et al*, Index No. 8925/04 (Jacobson J.), aff'd 39 AD3d 575 [2nd Dept. 2006]. Plaintiff contends that the Court found in its favor and confirmed plaintiff's ownership rights over Lot 4. Plaintiff asserts that by Notice of Motion dated November 17, 2009, plaintiff moved for partial summary judgment dismissing defendants' first and second counterclaims on the grounds of *res judicata*. By Decision and Order dated April 9, 2010, the Honorable Arthur Schack denied plaintiff's motion. By Decision and Order of the Appellate Division, Second Department dated March 24, 2011, the Appellate Division reversed the decision and granted plaintiff's motion for summary judgment dismissing defendants' first and second counterclaims. By decision and order dated June 12, 2012, this Court granted plaintiff's motion to serve a supplemental summons and an amended complaint. Plaintiff claims that thereafter, it served a Supplemental Summons and Amended Complaint and in response, defendant interposed a Verified Answer to the Amended Complaint that once again included the very same counterclaims already

2

stricken by the Court.

Plaintiff alleges that it is entitled to summary judgment on its first cause of action which seeks an Order directing that defendant Richmond execute a ZLDA and waiver and any other documents required to effectuate the transfer of air rights in Lot 1 in excess of 2.3 floor area ratio (hereinafter "FAR"). Plaintiff contends that these instruments are necessary to complete the transfer of development rights from Lot 1 to Lot 4 in conformance with the terms and conditions expressed in the March 7, 2003 agreement. Plaintiff alleges that the ZLDA in this instance specifies the actual development rights, i.e. how high and wide a building can be built by virtue of the joining of the 2 lots, Block 935 Lots 1 and 4. Plaintiff argues that defendant Richmond's continued failure to execute the ZLDA and the related waiver is a breach of contract. Plaintiff contends that in order for plaintiff to be able to sell Lot 4 for full market value and/or properly develop Lot 4, defendants must execute the ZLDA and waiver.

Plaintiff further argues that defendants' ten (10) affirmative defenses and four (4) counterclaims should be stricken based on *res judicata*, ratification and/or judicial estoppel. Plaintiff asserts that previously, in a 2004 action, Richmond sought performance under the agreement and made a claim for money damages, as well as for rescission of the agreement and related documents. Plaintiff contends that the related documents included air rights. According to plaintiff, the action was ultimately dismissed and as such, terminated any viable attempt for defendant Richmond to rescind the agreement which included a transfer of air rights. Plaintiff asserts that defendant Richmond also commenced an action in 2007 against plaintiff stemming from the same agreement and related documents. According to plaintiff, that action was also dismissed in October, 2007 by decision and order of Justice James Starkey. Plaintiff argues that defendant Richmond sought affirmative relief under the agreement in the 2004 action, i.e. specific performance to reacquire Lot 4, and that at the time defendant Richmond deemed the agreement to be valid and binding. Plaintiff further asserts that defendant Richmond never repudiated the transfer of air rights required under the agreement in either the 2004 case or the 2007 case. Plaintiff claims that defendant Richmond's acceptance of the benefits of the agreement coupled with his action for specific performance, ratified the agreement and as such, he cannot now seek to disavow the agreement. Plaintiff contends that defendant Richmond's defenses should be barred by judicial estoppel also known as the doctrine of inconsistent positions. Plaintiff asserts that defendant Richmond should not be allowed to seek to enforce the option contained within the Agreement in a prior lawsuit and then years later seek to disavow the transfer of air rights which was a cornerstone of the Agreement.

Plaintiff alleges that defendants' first affirmative defense alleging that the complaint

3

fails to state a cause of action is meritless and must be stricken because the complaint properly asserts a breach of contract claim under the March 7, 2003 agreement. Plaintiff further asserts that defendants' second cause of action alleging that the action is barred by the statute of frauds is meritless and must be stricken because there is a written agreement between the parties. Plaintiff argues that defendants' third cause of action alleging that plaintiff's causes of action are barred by the doctrine of estoppel is also without merit. Plaintiff claims that here, where defendant Richmond agreed to transfer his air rights over and above 2.3 FAR and further agreed to execute documents necessary to effectuate that transfer, there is no fraud or injustice and the doctrine of estoppel is inapplicable. Plaintiff asserts that defendants' fourth affirmative defense alleging that the complaint is barred by waiver is without merit. Plaintiff contends that there has been no affirmative conduct by plaintiff evidencing any intent to waive a contractual right. Plaintiff alleges that defendants' fifth affirmative defense alleging that the complaint is barred by the doctrine of unclean hands must be stricken because plaintiff's causes of action are not founded in illegality or immorality. Plaintiff further notes that in this Court's prior decision in the 2004 case, defendant Richmond was found to have unclean hands. Plaintiff asserts that defendants' sixth affirmative defense which alleges that there was never a meeting of the minds with respect to certain developmental rights must be stricken. Plaintiff argues that clearly there was a meeting of the minds because the agreement expressly provides that Richmond shall execute all documents necessary to transfer the air rights of Lot 1 to Lot 4 with Lot 1 retaining a square footage equal to a 2.3 FAR. Thus, any FAR amounts above 2.3 were to be transferred to plaintiff pursuant to the agreement. Plaintiff argues that defendants' seventh affirmative defense alleging that the subject agreement was merely an agreement to agree is essentially the same as the sixth affirmative defense. Plaintiff claims that the parties agreed to transfer the rights above 2.3 FAR precisely to eliminate any prospective uncertainties. Plaintiff asserts that defendants' eighth, ninth and tenth affirmative defenses alleging that the proposed ZLDA contains terms not discussed and/or is an enlargement of what was agreed to by the parties, and/or that plaintiff may not benefit from upzoning, must fall. Plaintiff argues that the parties agreed that Lot 1 would only retain a 2.3 FAR and that irrespective of whether there was an upzoning or a downzoning, plaintiff would be entitled to that additional FAR. Plaintiff alleges that under any rational interpretation of the agreement, Richmond is not entitled to retain a FAR above 2.3. Plaintiff asserts that defendants' first counterclaim which seeks judgment pursuant to RPL §329 was asserted in defendants' original amended answer and dismissed pursuant to the order of the Appellate Division dated March 21, 2011. Plaintiff contends that defendants' second counterclaim seeks again to relitigate the 2004 action by claiming that he is entitled to exercise the option in the agreement by virtue of an equitable toll. Plaintiff argues that the second counterclaim is barred by *res judicata*. Plaintiff contends that defendants' third counterclaim is the same as defendants' second counterclaim seeking a right of redemption and should be stricken. Finally, plaintiff

4

asserts that defendants' fourth and fifth counterclaims seeking reformation and injunctive relief on the grounds of mutual mistake regarding upzoning and rescission should be stricken because there was no mutual mistake. Plaintiff asserts that the fact that defendant Richmond now believes that he made a bad deal is not grounds for reformation. Plaintiff further asserts that rescission is not warranted because the phrase "will retain a square footage equal to a 2.3 floor area ratio" is sufficiently definitive to prescribe the prospective transfer of air rights under any eventuality.

In opposition, defendants allege that the documents needed for transfer of FAR rights and issuance of a building permit were completed and signed on March 7, 2003. According to defendants, the document adding the zoning rights from Lot 1 to Lot 4 was filed in the City of New's Register Office by plaintiff on January 11, 2007. Defendants contend that building permits were issued to the subject property for a twelve (12) story building in May and June 2008. Plaintiff alleges that the first of the these job permits was allowed to expire on October 24, 2012. Defendants assert that the companion document combining the zoning rights from Lot 4 to Lot 1 was also filed.

Defendants argue that the standard in New York for the transfer of development rights from a landmark property is the calculation of the difference being kept which in this case is 2.3 FAR and the amount allowed to be built at the time of the bargain. Defendants contend that at the time of the Agreement, the amount allowed to be built was 4.0 FAR for a community building. Defendants further allege that to calculate the amount of transferable floor area allowed, the floor area of the existing landmark building is subtracted from the floor area that would be allowable if the lot were vacant. Defendants contend that in this instance, the lot is approximately 5,300 square feet which allows for an additional 9,180 square feet of living space or ten apartments. Defendants assert that the height allowance at the time of the transfer of rights was 2.3 stories which was later amended after the agreement to ten (10) stories. Defendants claim that a twelve (12) story building exceeds both claimed limits. Defendants allege that the maximum FAR allowable for Lot 4 is six (6) and plaintiff has received a building permit for a FAR of 12.0 which is far in excess of the 1.7 FAR which was contracted for between the parties.

Defendants argue that plaintiff is attempting to increase the value of his bargain after the transfer of the rights has been executed and beyond that agreed to by both parties at the time of execution of the agreement. Defendants claim that the papers transferring the FAR were prepared by plaintiff and attached to the agreement and executed at the same time that the agreement was signed. Defendants argue that in 2008, five years after the agreement, plaintiff wanted defendants to execute a 45 page ZLDA seeking rights beyond that required by the agreement, such as easements and more open space.

5

Defendants claim that if they had more time, they would have made a proper cross-motion to dismiss the action. Defendants argue that once an amended complaint is served, the case is started anew and everything that went before is moot and that no law of the case can lie. Defendants contend that as such, in this instance, plaintiff's reliance on res judicata is misplaced. Defendants further assert that the decision that determined the ownership of the property known as Lot 4, went outside the four corners of the complaint and added contested matters such as the character of the parties and the contested dates of the time of essence. Defendants contend that these additional facts should have been noticed for further arguments and the matter should have been converted from a CPLR §3211 (a) (7) to a CPLR §3211 (c). Defendants claim that any arguments or decisions flowing from that decision are void. According to defendants, the Court of Appeals refused to hear the appeal in this matter because the decision presented was not a final decision. Defendants assert that plaintiff is attempting to reform the contract and add terms that were not bargained for. Defendants allege that plaintiff's reliance on the prior decisions in this case as a bar to defendants' affirmative defenses and counterclaims is misplaced as everything before the service of the 2012 summons and complaint are moot. Defendants argue that plaintiff relies on a decision that is void *ab initio* and any thing that flows from it is similarly misplaced. Defendants contend that plaintiff's motion should be denied and that defendants should be awarded the expenses and costs of this motion.

In reply, plaintiff asserts that despite defendants' assertions that the height allowance at the time of the transfer of rights was 2.3 stories, there is no cap on the transfer of air rights to plaintiff in the agreement. Plaintiff alleges that defendant expressly transferred his developmental rights in excess of 2.3 FAR, entitling plaintiff to all developmental rights in excess of 2.3 FAR. Plaintiff argues that pursuant to the agreement, defendant is required to execute those documents and instruments necessary to transfer certain developmental rights from Lot 1 to Lot 4 and any other documents required. Consequently, plaintiff claims that defendant is required to execute the 13 page ZLDA and a waiver and subordination agreement. Plaintiff alleges that the building permit referred to by defendant has been revoked by the Department of Buildings based upon the absence of certain zoning lot waivers, including the absence of a waiver from defendant 231 Fourth Avenue Lyceum, LLC which is controlled by defendant Richmond. Plaintiff argues that defendant Richmond transferred title to 231 Fourth Avenue Lyceum, LLC without offering plaintiff a first right of refusal as required by the agreement, in part, to defeat plaintiff's rights under the agreement. Finally, plaintiff alleges that defendants are once again trying to relitigate matters that have previously been adjudicated and/or ratified by defendants. Plaintiff notes that defendants failed to cite any cases for the proposition that the filing of a supplemental summons somehow voids the Order of the Appellate Division and as a result, *res judicata* does not apply.

6

Summary judgment is a drastic remedy which should not be granted if there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1978]). On a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law tendering sufficient evidence to demonstrate the absence of any material issue of fact (see *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Absent such showing, the party is not entitled to the drastic remedy of summary judgment, regardless of the sufficiency of the papers (see *Weingard v. New York Univ. Med. Center*, 64 NY2d 851, 853 [1985]). To defeat a motion for summary judgment, the opposing party must produce evidentiary proof in admissible form to show facts sufficient to require a trial of any issue of fact (see *Zuckerman v. City of New York*, 49 NY2d 557 [1980]). Here, plaintiff has made a prima facie showing of its entitlement of summary judgment on plaintiff's first cause of action seeking an order directing defendant Richmond to execute the ZLDA and waiver documents. The subject agreement entered into by the parties clearly establishes that defendant Richmond expressly transferred his developmental rights in excess of 2.3 FAR. Moreover, the agreement provides that defendant Richmond would execute any and all documents required for the transfer of such developmental rights. Furthermore, as the Appellate Division Second Department previously held in this matter:

> The doctrine of res judicata "'operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arises out of the same factual grouping or transaction and which should have been resolved in the prior proceeding'" ... To determine what "factual grouping" constitutes a "transaction," the court must consider how "'the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether ... their treatment as a unit conforms to the parties' expectations or business understanding or usage'"... under New York's transactional approach to the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" ...[citations omitted]( *Union Street Tower, LLC v. Richmond*, 84 AD3d 784, 785 [2nd Dept. 2011]).

Consequently, defendants counterclaims and affirmative defenses which are either a rehash of counterclaims alleged in defendant's prior Answer which were already stricken by the Court, or involve matters that could have been resolved in the prior actions, are barred by res judicata.

Accordingly, plaintiff's motion for summary judgment on plaintiff's first cause of

7

action is granted; and defendant Richmond is ORDERED to execute the ZLDA, together with any such documents necessary to effectuate the transfer of developmental rights from Block 953, Lot 1 to Block 953 Lot 4 including a waiver within thirty (30) days of the date of this decision. It is further ORDERED that defendants' counterclaims and affirmative defenses are stricken.

This constitutes the decision and Order of this Court.

ENTER

*/s/ Laura L. Jacobson*
LAURA L. JACOBSON, JSC

8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
-------------------------------------x
IN RE:                                                    Case No. 13-42125 (CEC)
     231 FOURTH AVENUE LYCEUM, LLC,        CHAPTER 11
     Debtor.
-------------------------------------x

### AFFIRMATION IN SUPPORT OF MOTION TO VACATE

MOVANT believes that the New York State Court violated due process in issuing a decision after the filing of a bankruptcy petition in any matter involving entities having filed that bankruptcy petition.

As a void, not just voidable, act, this court is within its power and responsibility under FRCP 60(b)(4) to address this by setting aside the decision as void.

As such the April 30, 2013 state court decision should be set aside as void.

As such MOVANT requests that the court grant the motion to vacate and any other relief that the court deems just and proper.

DATE: February 2, 2017

Sincerely,

Eric Richmond
MOVANT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
-------------------------------------x
IN RE:                                              Case No. 13-42125 (CEC)
    231 FOURTH AVENUE LYCEUM, LLC,         CHAPTER 11
    Debtor.
-------------------------------------x

## CERTIFICATE OF SERVICE

ERIC RICHMOND does hereby affirm under the penalties of perjury: I am over the age of 21 years. I reside at 2107 Regent Place, Brooklyn, NY 11226. On February 2, 2017, I served the notice of motion, amended motion, and affirmation of Eric Richmond with exhibits annexed by mailing a true copy on February 2, 2017 to:

| Glenn P. Warmuth, Esq.<br>Stim & Warmuth, P.C.<br>2 Eighth Street<br>Farmingdale, NY 11738 | Michael Macco - Trustee<br>2950 Expy Dr S #109<br>Islandia, NY 11749 | United States Trustee<br>201 Varick Street, #1006<br>New York, NY 10014<br>Attn: William Curtin |
|---|---|---|
| David Blum, Esq<br>11 Park Place - 10th Floor<br>New York, NY 10007 | UNION STREET TOWER LLC<br>592 CARROLL STREET<br>BROOKLYN, NY 11215 | Steven Sinatra, Esq.<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, NY 10166 |

by depositing it enclosed in a postpaid properly addressed wrapper by first class mail in the post office or official depository at Brooklyn, New York State under the exclusive care and custody of the United States Postal Service.

Dated: Brooklyn, NY February 2, 2017   By:_____
                                                Eric Richmond
                                                2107 Regent Place
                                                Brooklyn, NY 11226