Hearing Date: March 15, 2017
Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
------------------------------------x
IN RE:                                    Case No. 13-42125 (CEC)
    231 FOURTH AVENUE LYCEUM, LLC,         CHAPTER 11
    Debtor.
------------------------------------x

## NOTICE OF MOTION

PLEASE TAKE NOTICE upon that upon this notice of motion and the accompanying affirmation of Eric Richmond dated February 21, 2017, the Movant, Eric Richmond, will move this Court before the Hon. Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201-1800 Courtroom 3529, on March 15, 2017 at 1:00 p.m. or as soon thereafter as a counsel can be heard for:

1) A hearing to vacate the February 6, 2017 denial of motion to vacate April 30, 2013 state court order.
2) A hearing to vacate the February 6, 2017 denial of motion to go required hearing pursuant to Federal Rules of Evidence 201.
3) Any such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned Movant seven (7) days prior to the return date of the within motion.

Dated: Brooklyn, NY February 21, 2017

By:_____
ERIC RICHMOND - MOVANT
2107 Regent Place, Brooklyn, NY 11226
brooklynlyceum@gmail.com.

RECEIVED 2017 FEB 21 P 2:55 CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

United States Bankruptcy Court

Eastern District Of New York

-------------------------------------------------------------------X

In re 231 Fourth Avenue Lyceum, LLC, Debtor     Case No. 1-13-42125-cec

    Chapter 11

-------------------------------------------------------------------X

## MOTION TO RECONSIDER ORDER DENYING MOTION TO VACATE VOID POST FILING STATE COURT DECISION (ECF # 196)

Pursuant to: Federal Rules of Bankruptcy Procedure› PART IX—GENERAL PROVISIONS › Rule 9023. New Trials; Amendment of Judgments.

### STANDARD OF REVIEW IN 2ND CIRCUIT

1.     The Second Circuit requires, as a rule, one of three tests to be satisfied, one of which is: "... the need to correct a clear error or prevent a manifest injustice."

### CLEAR ERROR #1 – COURT MIS-IDENTIFIED MOVANT

2.     231 Fourth Avenue Lyceum, LLC (231) is the DEBTOR in 13-42125-cec.

3.     Movant is Eric Richmond, not DEBTOR (231).

> "WHEREAS, on February 2, 2017, **231 Fourth Avenue Lyceum, LLC (the "Debtor")** filed a motion seeking to vacate a state court order (the "State Court Order") and for an open public hearing on judicial notice of undisputed facts (the "Motion")" (emphasis added)

4.     Movant claims to have same rights as 231 :

**Eric Richmond, Movant with same rights a Debtor**, sets forth in this motion as follows. (emphasis added)

5. The court found, in clear error, that the DEBTOR filed the motion.

## CLEAR ERROR # 2 - COURT IMPROPERLY FOUND NO REASON TO VACATE DISMISSAL OF CASE.

6. The court found, despite unambiguous documentary evidence that the state court ruled when federal jurisdiction and federal law prohibited any ruling, that such a violation of federal law and jurisdiction was not grounds to *sua sponte* reopen the dismissed case to address this clear usurpation of power by the state court at the expense of the Federal Bankruptcy Court.

## CLEAR ERROR #3 - COURT MISINTERPRETED RULE 60B4

7. This court found that it had no authority to vacate a decision under *Federal Rule of Civil Procedure 60b4*.

8. This is in direct contrast to *Federal Rule of Bankruptcy Procedure 9024* which expressly states that the court has power, and the attached, responsibility, to vacate void judgments.

> **Rule 9024. Relief from Judgment or Order**
>
> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some

circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

9. It is difficult to imagine that the state court decision exists at all as the jurisdiction for the case was transferred to the bankruptcy court upon filing of the petition. And, as such, any state court decision is a violation of federal law and federal jurisdiction. The federal Court has the power and responsibility to vacate under *FRCP 60b4* as outlined in *FRBP 9024*.

10. Otherwise, this court has made an alarming new precedent, that the whims of the bankruptcy court judge now determine if a post-filing state court decision exits, is valid and is not a violation of federal law and federal jurisdiction.

## CLEAR ERROR #4 - COURT MIS-IDENTIFIED ALLEGED SUBJECT PROPERTY

11. This court found that the subject property had already been sold :

"WHEREAS, the property which was the subject of the State Court Order was sold on or about October 23, 2014, and is no longer property of the Debtor;"

12. The court made clear error in finding subject property was sold in that it fails to actually state what property the court is talking about.

13. In fact, the subject property was not sold on October 23, 2014.

## CLEAR ERROR #5 – FAILURE TO HOLD REQUIRED HEARING

14. Motion included demand for a hearing that became mandatory upon request under Federal Rule of Evidence 201.

> *Federal Rule of Evidence 201 (e) Opportunity to Be Heard.* On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

15. There is no discretion to not hold a hearing.

16. Any failure to hold such a hearing is in violation of federal law.

**MANIFEST INJUSTICE #1 - VOID JUDGEMENT MUST BE ADDRESSED**

17. It is axiomatic that a court must address the merits specifically of an allegation of a void judgement.

**CONCLUSION :** The court must hold a hearing pursuant to *Federal Rule of Evidence 201* and the court must vacate the April 30, 2013 state court decision as void, *ab initio*. The court must correct the several Clear Errors including the mis-identification of Movant, the court's right and responsibility to vacate void post filing state court decisions under *FRCP 60b4* and *FRBP 9024*, the mis-identification of subject property without specifying what property the court is talking about and the failure to hold a required hearing, **WHEREFORE** : For all the above mentioned facts, MOVANT requests that the Bankruptcy Court reconsider its February 6, 2017 order denying motion for required hearing and that the April 30, 2013 State Court Order be set aside, vacated and adjudged void under *FRCP 60(b)(4) / FRBP 9024* and for any other relief this court finds just and proper.

Sworn to this date:  
Brooklyn, NY - February 21, 2017

By: _____  
Eric Richmond  
Movant with same rights as Debtor.  
(646) 256-9613  
brooklynlyceum@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                           Chapter 11

231 Fourth Avenue Lyceum, LLC,                                   Case No. 13-42125-cec

                             Debtor.
-------------------------------------------------------------x

### ORDER DENYING THE DEBTOR'S MOTION

      **WHEREAS**, on February 2, 2017, 231 Fourth Avenue Lyceum, LLC (the "Debtor") filed a motion seeking to vacate a state court order (the "State Court Order") and for an open public hearing on judicial notice of undisputed facts (the "Motion"); and

      **WHEREAS**, the Debtor is currently, and was at the time of the filing of the Motion, a limited liability company not represented by counsel; and

      **WHEREAS**, a corporation, or limited liability company, must be represented by counsel (Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22-23 (2d Cir. 1983)); and

      **WHEREAS**, the Debtor has requested that this Court vacate the State Court Order pursuant to Fed. R. Civ. P. 60(b)(4); and

      **WHEREAS**, Fed. R. Civ. P. 60(b)(4) does not provide authority for this Court to vacate an order issued by another court; and

      **WHEREAS**, this case was dismissed on September 5, 2014; and

      **WHEREAS**, in order to consider the Motion it would be necessary to vacate the order dismissing this case (See In re Critical Care Support Servs., 236 B.R. 137, 140 (E.D.N.Y. 1999), see also Cole v. Household Financial, et al. (In re Cole), 382 B.R. 20, 24 (Bankr. E.D.N.Y. 2008)); and

      **WHEREAS**, no grounds exist to vacate the order dismissing this case; and

**WHEREAS**, the property which was the subject of the State Court Order was sold on or about October 23, 2014, and is no longer property of the Debtor; and

**WHEREAS**, this matter is therefore moot;

**NOW, THEREFORE**, it is hereby

**ORDERED**, that, after due consideration, and for all of the above reasons, the Debtor's Motion is denied in its entirety; and it is further

**ORDERED**, that the hearing on the Motion that was scheduled for March 9, 2017 at 2:00 p.m. is marked off; and it is further

**ORDERED**, that the Court certifies pursuant to 28 U.S.C. § 1915(3) that any appeal from this order would not be taken in good faith.



Dated: Brooklyn, New York
February 6, 2017

Carla E. Craig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
-------------------------------------x
IN RE:                                                Case No. 13-42125
(CEC)
      231 FOURTH AVENUE LYCEUM, LLC,                CHAPTER 11
          Debtor.
-------------------------------------x

### AFFIRMATION IN SUPPORT OF MOTION TO VACATE

MOVANT believes that the Bankruptcy Court made several clear errors and manifest injustices in the February 6, 2017 denial of motion to vacate April 30, 2013 State Court decision and and denial of motion for a required hearing pursuant to Federal Rule of Evidence 201.

The court should reconsider its February 6, 2017 denial of the motion to vacate the state court decision and the denial of required hearing pursuant to Federal Rule of Evidence 201.

As such MOVANT requests that the court grant the motion to reconsider and any other relief that the court deems just and proper.

DATE: February 21, 2017                                              Sincerely,

                                                                                     Eric Richmond
                                                                                     MOVANT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK AT BROOKLYN
------------------------------------x
IN RE:                                             Case No. 13-42125
(CEC)
    231 FOURTH AVENUE LYCEUM, LLC,           CHAPTER 11
    Debtor.
------------------------------------x

CERTIFICATE OF SERVICE

ERIC RICHMOND does hereby affirm under the penalties of perjury: I am over the age of 21 years. I reside at 2107 Regent Place, Brooklyn, NY 11226. On February 21, 2017, I served the notice of motion to reconsider, motion to reconsider, and affirmation of Eric Richmond by mailing a true copy on February 21, 2017 to:

| Glenn P. Warmuth, Esq. Stim & Warmuth, P.C. 2 Eighth Street Farmingdale, NY 11738 | Michael Macco - Trustee 2950 Expy Dr S #109 Islandia, NY 11749 | United States Trustee 201 Varick Street, # 1006 New York, NY 10014 Attn: William Curtin |
|---|---|---|
| David Blum, Esq 11 Park Place - 10th Floor New York, NY 10007 | UNION STREET TOWER LLC 592 CARROLL STREET BROOKLYN, NY 11215 | Steven Sinatra, Esq. Greenberg Traurig, LLP 200 Park Avenue New York, NY 10166 |

by depositing it enclosed in a postpaid properly addressed wrapper by first class mail in the post office or official depository at Brooklyn, New York State under the exclusive care and custody of the United States Postal Service.

Dated: Brooklyn, NY February 21, 2017    By:_____
                                                           Eric Richmond
                                                         2107 Regent Place
                                                         Brooklyn, NY 11226
                                                         gowanusx@gmail.com